IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| BRENDA J. OWENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:02-CV-0835-L |
| | § | |
| EXCEL MANAGEMENT SERVICES, | § | |
| INC. and VARTEC TELECOM, INC., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO QUASH NOTICE OF DEPOSITION AND MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

Pursuant to Rules 26(c) and 45 the Federal Rules of Civil Procedure, Defendants Excel Management Services, Inc. and VarTec Telecom, Inc., move to quash Plaintiff's Notice of Intent to Take Oral Deposition of Sonya Ayers and seek the entry of a protective order by the court preventing same. In support of this Motion, Defendants would show the Court as follows:

1. On June 14, 2002, pursuant to Rule 26(f), counsel for Plaintiff and counsel for Defendant had a conference regarding, among other things, discovery in the above-referenced matter. In the course of that conversation, Defendants' counsel indicated that Defendant would not agree to produce Ms. Sonya Ayers for deposition before initial discovery was conducted and before Defendant took Plaintiff's deposition. Plaintiff's counsel insisted that she be allowed to take Ms. Ayers' deposition prior to that of Plaintiff and prior to the exchange of initial discovery. When asked to rationalize her position, Plaintiff's counsel responded that her reasons were solely a matter of strategy and calculated only to prevent Defendants' witness from learning the specifics of Plaintiffs allegations.

2. Moreover, Plaintiff's counsel initially desired to depose Ms. Ayers' immediately following the conference and then to exchange initial disclosures sometime in August of 2002. After Defendant's counsel explained that this would result in unacceptable delay, Plaintiff's counsel agreed to move forward the date for initial disclosures. No concessions were made regarding the order of depositions, and in light of the disagreement, the parties—by filing a Joint Status Report—agreed to address this issue to the Court.

3. Notwithstanding the foregoing, counsel for Plaintiff unilaterally proceeded to notice the videotaped Deposition of Sonya Ayers to take place on July 22, 2002 without otherwise consulting with Defendant's counsel. (*See* a true and correct copy of said Deposition Notice attached as <u>Exhibit A</u>). Following said notice, counsel for both parties have engaged in a continuing discourse regarding the discovery schedule. This correspondence has failed to yield a resolution and, as such, Defendant files this Motion to Quash the Deposition of Sonya Ayers and for a Protective Order regarding same.

**<u>Good Cause Exists to Quash Ms. Ayers' Deposition</u>**

4. Good cause exists for the Court to quash Plaintiff's deposition notice and enter a protective order in this matter. Defendants should not be required to answer or defend against allegations that are unknown to them. While perhaps in technical compliance with the notice requirements of Rule 8, Plaintiff's Original Complaint provides Defendants with scant detail regarding the nature of Plaintiff's claims. Plaintiff has articulated no basis for her demand to depose Ms. Ayers first in order other than her desire to blindside Defendants. However, this flies in the face of the fairness and judicial efficiency. Deposing the Plaintiff first in order after the exchange of initial discovery will allow both parties to fully understand Plaintiff's contentions and causes of action before proceeding to other depositions. Accordingly, the parties will be

spared any duplicative or irrelevant discovery that may otherwise be required. Defendants have propounded their First Set of Interrogatories and First Request for Production to Plaintiff, and Plaintiff's responses will be due on August 10, 2002. Defendant will work with Plaintiff to schedule Plaintiff's and Ms. Ayers' depositions to take place after August 10, 2002.

5. In addition, due to depositions and trial preparation in another matter set for trial on August 5, 2002, in the 14th Judicial District, Dallas County, Defendants' counsel will be unavailable for the Deposition on the date currently noticed (July 22, 2002).

WHEREFORE, PREMISES CONSIDERED, Defendant asks that this court Quash the Deposition of Ms. Sonya Ayers, enter a protective order preventing same, and grant Defendants such additional relief to which they may be entitled.

Respectfully submitted,

_/s/ Ronald E. Manthey_
Ronald E. Manthey
Texas State Bar No. 12927400
Ann Marie Painter
Texas State Bar No. 00784715
Brian D. Johnston
Texas State Bar No. 24032471

**LITTLER MENDELSON**
A Professional Corporation
2001 Ross Avenue
Suite 2600, Lock Box 116
Dallas, Texas 75201-2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

**ATTORNEYS FOR DEFENDANTS**
**EXCEL MANAGEMENT SERVICES, INC.**
**and VARTEC TELECOM, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record by certified mail, return receipt requested on this 10th day of June, 2002, as follows:

Hal K. Gillespie, Esq.
Susan D. Motley, Esq.
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

_/s/ Ronald E. Manthey_
Ronald E. Manthey
Ann Marie Painter
Brian D. Johnston

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDA J. OWENS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:02-CV-0835-L |
| ) | |
| EXCEL MANAGEMENT SERVICE, INC. ) | |
| and VARTEC TELECOM, INC. ) | |
| ) | |
| Defendants ) | |

**NOTICE OF INTENTION TO
TAKE ORAL AND VIDEO DEPOSITION OF SONYA AYERS**

TO: Defendants Excel Management Service, Inc. and VarTec Telecom, Inc., by and through their attorneys, Ann Marie Painter and Brian D. Johnston, Littler Mendelson, P.C., 2001 Ross Avenue, Suite 2600, Dallas, Texas 75201:

**PLEASE TAKE NOTICE** that on **Monday, July 22, 2002, beginning at 10:00 a.m.** at the offices of Littler Mendelson, P.C., 2001 Ross Avenue, Suite 2600, Dallas, Texas 75201, Plaintiff will take the deposition of **SONYA AYERS** on oral examination before a certified court reporter. The deposition will be videotaped and recorded by sound, visual, and stenographic means. The examination will continue from day to day until completed.

EXHIBIT
A

Respectfully submitted,

GILLESPIE, ROZEN, & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone.: (214) 720-2009
Telecopier: (214) 720-2291

By *Susan D. Motley*
Hal K. Gillespie
State Bar No. 07925500
Susan D. Motley
State Bar No. 24002655

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was forwarded on this the 21 of June, 2002, in the following manner to:

Ann Marie Painter
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 2600
Dallas, Texas 75201

\_\_\_\_\_ Hand-Delivery
\_\_\_\_\_ U.S. Mail, postage pre-paid
✓ Certified Mail, Return Receipt Requested
\_\_\_\_\_ Overnight Express Mail/Federal Express
\_\_\_\_\_ Telecopier

*Susan D. Motley*
Susan D. Motley