IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA J. OWENS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:02-CV-0835-L |
| | ) | |
| EXCEL MANAGEMENT SERVICE, INC. | ) | |
| and VARTEC TELECOM, INC. | ) | |
| | ) | |
| Defendants | ) | |

### PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH NOTICE OF DEPOSITION AND MOTION FOR PROTECTIVE ORDER, AND CROSS MOTION FOR ORDER ESTABLISHING ORDER OF AYERS' DEPOSITION

TO THE HONORABLE SAM A. LINDSAY:

Plaintiff, Brenda J. Owens, submits the following Response to Defendants' Motion to Quash Notice of Deposition and Motion for Protective Order filed July 11, 2002 and also submits this Cross Motion for an Order establishing that Sonya Ayers' deposition be taken before Owens' deposition in this case. In support thereof, Owens respectfully states as follows:

### I. NATURE OF THE CASE

This is an employment discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.001, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Owens is a former Director of Taxes for Excel, which has now been acquired by VarTec.



1

Owens applied for a position with VarTec after her termination from Excel. Owens contends that her termination from Excel and VarTec's decision not to hire her constitute unlawful sex, race, and/or age discrimination in violation of Title VII, the ADEA, the TCHRA, and Section 1981. Owens also contends that VarTec's decision not to hire her constitutes unlawful retaliation for her complaints of discrimination, in violation of Title VII, the ADEA, and the TCHRA.

## II. SONYA AYERS

Sonya Ayers is a key witness in this case. She has been identified by both parties in their Initial Disclosures as someone who has or who may have information about the following:

> According to Owens:
> At the time of Owens' termination, Ms. Ayers was VarTec's VP of Accounting. Ms. Ayers is believed to be a current employee and is responsible for the integration of Excel and VarTec. She has detailed knowledge concerning Owens' employment with Excel, the events occurring during the time of termination, and her plans for Owens' future at VarTec. Ms. Ayers also has knowledge of Owens' efforts to obtain employment at VarTec following her termination by Excel and may also have knowledge about the circumstances and reasons given for VarTec's failure to hire Owens.
>
> According to Excel and VarTec:
> Ms. Ayers is the Vice President Integration for VarTec and may have knowledge of Plaintiff's employment with Excel, Plaintiff's application for employment with VarTec, and VarTec's hiring of Neil Keeter as Senior Director of Taxes.[1]

See APP008-020 (Exhibits F & G, parties' Initial Disclosures).

## III. WHAT IS – AND WHAT IS <u>NOT</u> – IN DISPUTE

Defendant's Motion specifically requests the Court to "quash the Deposition of Sonya Ayers" currently noticed for July 22, 2002, "enter a protective order preventing same, and grant Defendants

---

[1] It appears from Defendants' Initial Disclosures that Mr. Keeter is the person who was hired for the VarTec position Owens applied for and was interviewed for following her termination by Excel. Based on the documents produced by Defendants, it appears Keeter was hired after Excel and VarTec received notice of Plaintiff's allegations of discrimination.

such additional relief to which they may be entitled." See Defendant's Motion, p.3.

Thus, the particular relief Defendants request is that Sonya Ayers not be deposed on July 22, 2002. Owens has no objection to moving the deposition date of Ms. Ayers. Owens' counsel has indicated all along that if July 22 is not a convenient date for Ms. Ayers or her counsel, the deposition could be scheduled for a more convenient time.[2] See APP001, 003-004, 006-007 (Exhibits A, C and E, Motley letters dated 6/21/02, 6/24/02, and 6/28/02). Nor does Owens object to scheduling Ms. Ayers' deposition after August 9, 2002, the current due date for Owens' objections and answers to Defendants' Interrogatories and Requests for Production.[3]

What is in dispute, however, is Defendant's implicit request for Ms. Ayers' deposition to be postponed until after Owens' deposition and after the exchange of initial discovery. See Defendants' Motion, p. 2 ¶ 4 (taking Ayers' deposition first "flies in the face of the (sic) fairness and judicial efficiency. Deposing the Plaintiff in order after the exchange of initial discovery will allow both parties to fully understand Plaintiff's contentions and causes of action before proceeding to other depositions").

### IV. AYERS' DEPOSITION SHOULD BE SCHEDULED BEFORE OWENS' DEPOSITION

A.  **Defendants' Arguments are Contrary to the FED. R. CIV. P.**

FED. R. CIV. P. 26(d) contradicts Defendants' argument that Ms. Ayers' deposition should

---

[2] Despite several indications by Owens' counsel that the July 22 date could be changed if it was inconvenient, Defendants' counsel never once indicated (until their Motion was filed - only 7 business days before the scheduled date) that July 22 was inconvenient due to depositions and trial in another matter. See APP001-007 (Exhibits A-E, correspondence between parties' counsel).

[3] Owens' counsel previously indicated to Defendants' counsel a desire to conduct Ms. Ayers' deposition prior to exchanging written discovery, but Owens has no objection to scheduling Ms. Ayers' deposition after August 9 in light of Defendants' counsel's apparent conflict with July 22, 2002.

3

be scheduled after Owens' deposition. Rule 26(d) provides:

> **(d)  Timing and Sequence of Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). <u>Unless the court upon motion, for the convenience of the parties and witnesses and in the interests of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.</u>

(emphasis added). Rule 26(d) therefore clearly provides that discovery may be used in any order, and Defendants' service of written discovery on Owens and their intention to take Owens' deposition should not delay Ms. Ayers' deposition.

Further, Excel and VarTec have failed to show that good cause exists for postponing Ms. Ayers' deposition until after Owens' deposition, a burden they must satisfy for the Court to grant their motion for protective order. See FED. R. CIV. P. 26(c). Defendants have not offered any evidence showing that scheduling Ms. Ayers' deposition first will subject Defendants or Ms. Ayers to annoyance, embarrassment, oppression, or undue burden or expense.

Excel's and VarTec's only support for their request is that they "should not be required to answer or defend against allegations that are unknown to them" and that deposing Ms. Ayers before Owens "flies in the face of the (sic) fairness and judicial efficiency." See Defendants' Motion, p. 2.[4] Owens' allegations are hardly "unknown" to Defendants. First, Owens' original Complaint and her First Amended Complaint set forth specific information about Owens' particular allegations against

---

[4]Owens' counsel objects to and disagrees with Defendants' statement that "Plaintiff has articulated no basis for her demand to depose Ms. Ayers first in order other than her desire to blindside Defendants." See Defendants' Motion, p. 2. Owens' counsel has never stated nor suggested that she wished to "blindside" Defendants. Plaintiff's counsel has articulated reasons why she wants to depose Ms. Ayers before Owens' deposition. See Section IV.B., *infra* (similar explanations were given to Defendants' counsel). Owens' counsel also asked Defendants' counsel to explain whether there are any particular circumstances why Ms. Ayers' deposition should be postponed, but Defendants' counsel never responded, other than with their Motion. See APP006-007(Ex. E, Motley 6/28/02 letter, ¶ 4).

each Defendant. Second, the parties' Initial Disclosures indicate exactly what information both Owens and Defendants expect Ms. Ayers and others to have related to Owens' claims.[5] Third, and importantly, Ms. Ayers is a current VarTec employee, meaning that Defendants' counsel can easily meet with Ms. Ayers and investigate Owens' claims prior to Ms. Ayers' deposition.

Defendants apparently argue that a plaintiff should always be deposed first. See APP005 (Ex. D, Painter letter dated 6/28/02); see also Defendants' Motion, p. 2. This is nothing more than a blatant request for favoritism – a request for a rule that allows a defendant to take the first deposition in each and every case. A rule giving a defendant such an advantage was specifically rejected when section (d) was added to FED. R. CIV. P. 26 in 1970. See FED. R. CIV. P. 26(d) Advisory Committee's Note (1970 amendments), ¶ 4 (stating the previously existing rules on notice of deposition resulted in a fortuitous advantage to defendants, where they could almost always secure priority).

Under the rule proposed by Defendants – where a defendant has the right to take a plaintiff's deposition before any other depositions are taken – a defendant could completely prevent a plaintiff from taking any depositions whatsoever, simply by failing to take the plaintiff's deposition. Neither the judicial system nor the Federal Rules of Civil Procedure are designed to favor one party over the other. Defendants' proposed rule is both contrary to the interests of justice and to the specific language of FED. R. CIV. P. 26(d), which indicates that "methods of discovery may be used in any sequence."

To the extent that Defendants' Motion requests that Ms. Ayers' deposition be postponed until

---

[5]In connection with those Initial Disclosures, Owens produced 186 pages of documents to Defendants, and Defendants produced 204 pages of documents to Owens.

after Owens' deposition, it is contrary to the specific language of FED. R. CIV. P. 26(d) and should therefore be denied.

**B.     Cross Motion for Order Scheduling Ayers' Deposition First**

Rule 26(d) allows a Court to enter orders concerning the order of depositions. See FED. R. CIV. P. 26(d) and Advisory Committee's Note (1970 amendments), last paragraph. Good cause exists for scheduling Ms. Ayers' deposition first.

Ms. Ayers is a key witness. She is a current VarTec employee and is responsible for the integration of Excel and VarTec. During Owens' employment with Excel, Owens participated in meetings and other discussions with Ms. Ayers concerning VarTec's acquisition of Excel. Following Owens' termination, Ms. Ayers encouraged Owens to apply directly with VarTec, which Owens did. VarTec did not hire Owens. It appears that VarTec hired Neil Keeter instead. According to Defendants, Ms. Ayers may have knowledge about Owens' employment with Excel, her application with VarTec, and Neil Keeter's hiring for the position. See APP017 (Ex. G, Defendants' Initial Disclosures, p. 3).

In light of Ms. Ayers' role in this case – especially since she is a current VarTec employee – good cause exists to allow Owens' counsel to take Ms. Ayers' deposition before Owens' deposition. Ms. Ayers is likely to give truer and more candid testimony about what exactly happened when Owens was fired by Excel and not hired by VarTec by scheduling Ms. Ayers' deposition first rather than after Owens' deposition. If Owens' deposition is taken first, Defendants' counsel could then meet with Ms. Ayers and exhaustively prepare her on each and every portion of Owens' version of

the events, which may then shape Ms. Ayers' testimony about those events.[6] This is not an attempt to "blindside" Defendants. Defendants are well aware of Owens' allegations against them. Scheduling Ms. Ayers' deposition first is an attempt to obtain the most candid and honest testimony possible, which promotes the interests of justice. See FED. R. CIV. P. 26(d).

Owens therefore requests that the Court enter an Order allowing her counsel to depose Ms. Ayers' prior to Owens' deposition.

## V. CONCLUSION

Based on the above, Owens respectfully requests that the Court deny Defendants' Motion to the extent that it requests that Ayers' deposition be postponed until after Owens' deposition[7] and grant Plaintiff's Cross Motion for an Order scheduling Ms. Ayers' deposition first.

---

[6] This is not in any way meant to imply that Owens' counsel believes that Defendants' counsel would somehow be unethical in its preparation of Ms. Ayers' for deposition. It is meant to suggest, however, that after such preparation, Ms. Ayers' testimony may ultimately be shaped in ways it would not otherwise be if Ms. Ayers is deposed first.

[7] As previously indicated, Owens does not object to moving the date for Ms. Ayers' deposition to a date and time that is convenient for the parties and their counsel, including after August 9, 2002, the due date for Owens' written discovery responses.

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291


By _____
Hal K. Gillespie
State Bar No. 07925500
Susan D. Motley
State Bar No. 24002655


### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded on July 15, 2002 by hand delivery to Mr. Brian Johnston, Littler Mendelson, P.C., 2001 Ross Avenue, Suite 2600, Dallas, Texas 75201-2931.


_____
Susan D. Motley


### CERTIFICATE OF CONFERENCE

As reflected in APP001-007, the parties conferred several times concerning the relief requested in Plaintiff's cross motion (i.e. scheduling Ms. Ayers' deposition before Owens' deposition). The parties have been unable to resolve this issue, as indicated by Defendant's Motion and Plaintiff's Cross Motion.

_____
Susan D. Motley

8